RECEIVED
IN ALEXANDRIA, LA.
OCT 1 5 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DAVID DEGEYTER AND MELANIE DEGEYTER | : | DOCKET NO. 09-1582 |
| VS. | : | JUDGE TRIMBLE |
| ALLSTATE INSURANCE CO. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is "Defendant's Motion to Strike Plaintiffs' Amended Damages Request" (doc. #4) wherein the mover seeks to have this Court strike Plaintiffs' amended request for damages in excess os $75,000.00.

On September 24, 2007, Plaintiffs filed a Petition for Damages in the Fourteenth Judicial District Court wherein they alleged that Allstate Insurance Company ("Allstate") failed to pay amounts due to them for damage which occurred to their property as a result of Hurricane Rita. While the suit was in state court Plaintiffs executed a Binding Pre-Removal Stipulation ("Stipulation") wherein they agreed to (1) limit the value of their cause of action to $75,000.00, (2) formally renounce any judgment in excess of $75,000.00, including penalties and attorneys fees, and (3) not amend their petition after one year to plead an amount in controversy in excess of $75,000.00, including penalties and attorneys fees.

On June 8, 2009, Plaintiffs filed a motion for leave to amend their state court petition to seek damages in excess of $75,000.00. Although Allstate opposed the motion relying on the Stipulation as well as supportive case authority, Judge Wilfred Carter granted Plaintiffs' motion for leave to file

the amended complaint. Consequently, on September 9, 2009, Allstate filed a Notice of Removal[1] based on the amended pleadings wherein the amount in controversy now meets the requisite amount for federal jurisdiction.[2] Allstate seeks an order which strikes Plaintiffs' amended damage request and further precludes them from seeking damages above $75,000.00.

Allstate maintains that it was clear error for the state district judge to grant Plaintiffs' motion for leave to amend the petition given the Stipulation executed by the Plaintiffs. Under the law of the case doctrine, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and could work a manifest injustice.[3]

Plaintiffs complain that (1) the stipulation was not filed in the record before Plaintiffs filed their motion to amend, (2) the stipulation was not filed until after Plaintiffs' former counsel had been discharged, (3) the stipulation only bore the signature of Plaintiffs' former counsel, (4) and the stipulation was undated.

Plaintiffs assert that courts in the Western District of Louisiana have specifically held that "litigants wishing to prevent removal **must file** a binding stipulation or affidavit with their complaints" citing *John Dautriel, et al v. Colgan Air, Inc.*[4] In the cases cited by Plaintiffs, the court

---

[1] Doc. #1.

[2] There is complete diversity of citizenship between Plaintiffs and Defendant. 28 U.S.C. 1332 (c)(1).

[3] *Arizona v. California*, 460 U.S. 605, 103 S. Ct. 1382 (1983), citing *White v. Murtha*, 377 F.2d 428, 431-432 (5th Cir. 1967); See also *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997); *Robideau v. Johnson*, 731 So.2d 955, 957-58 (La.App.2d Cir. 1999), *writ denied*, 747 So.2d 562 (La. 1999).

[4] 2008 WL 652149 (W.D. La. 1008), citing *DeAquilar v. Boeing Company*, 47 F.3d 1404, 1412 (5th Cir. 1995); *Griffin v. Georgia Gulf Lake Charles, L.L.C.*, 562 F.Supp.2d 775, 778 (W.D. La. 2008)(plaintiffs cannot be bound by a stipulation concerning the amount of

concluded that once a defendant had removed the case, later filings (after removal) were irrelevant because "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable . . . do not oust jurisdiction."[5] We do not disagree with the holdings of the cases, but find that they are not applicable to the instant motion to strike. These cases do not hold that a binding damages stipulation may not be enforced, or that the stipulation is not binding or enforceable against a party if it is not filed with the complaint. Plaintiffs cite no authority for the proposition that a stipulation is not binding on a party if it was not filed prior to a motion to amend being filed, nor is this Court aware of any such law. Indeed, Defendants filed the Stipulation as an exhibit to their opposition to Plaintiffs' motion for leave to amend their complaint to increase their damages. The cases cited by Plaintiffs refer only to the filing of a stipulation in order to successfully *prevent removal.*

Plaintiffs cite no law to support their position that to be binding a stipulation must be filed before counsel has been discharged, nor is this Court aware of any such law. The discharging of an attorney does not revoke a stipulation made while that attorney had the proper authority to bind his client. Furthermore, whether or not or when a stipulation is filed is irrelevant for purposes of its binding effect. It is well settled that an attorney with proper authority, acting on behalf of his client,

---

damages in their suit absent plaintiffs first "filing a binding stipulation or affidavit with the complaint prior to removal stating that they do not seek and will not accept any award in excess of $75,000.00).

[5] *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293, 58 S.Ct. 586 (1938) citing *Mutual Life Ins. Co. Of New York v. Rose, et ux* (D.C. Ky. 1923) 294 F. 122, *Hood, ex rel. North Carolina Bank & Trust Co. v. Bell,* 84 F.2d 136 (4th Cir. 1936).

can bind his client.[6]

Plaintiffs complain that the Stipulation was signed only by their former counsel, however they cite no law or authority that the Stipulation must be signed by both parties in order to be binding. A contract is enforceable against the party who signed it. Plaintiffs also complain that the stipulation is undated, but again Plaintiffs provide the Court with no authority to support their contention than an undated stipulation is not binding. Indeed, the document itself provides a date of November 20, 2007, the date it was faxed and purportedly executed by Plaintiffs' former counsel, Benji J. Istre. Defendant has also provided an affidavit to the Court which declares that Mr. Istre executed the Stipulation on that date and returned it to defense counsel on that date.[7]

A stipulation has the effect of a judicial admission or confession[8] which binds all parties and the court.[9] Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law.[10] Courts have routinely acknowledged the binding force of damages stipulations such as the Stipulation executed by Plaintiffs in the instant action.[11] A Plaintiff can

---

[6] See *In re Crewboats, Inc.*, 2003 WL 21488130 (E.D.La. June 24, 2003)(with proper authority, an attorney acting on behalf of his client can bind his client); See also *In re Complaint of FRS Corp.*, 2001 WL 1586693 (E.D.La. 2001).

[7] Affidavit of Donald Smith, attached to reply brief, ¶ 6.

[8] *R.J. D'Hemecourt Petroleum, Inc. v. McNamara*, 444 So.2d 600, 601 (La.1983).

[9] *Placid Oil Company v. A.M. Dupont Corp.*, 244 La. 1075, 156 So.2d 444 (1963).

[10] *Wickliffe v. Cooper and Sperrier*, 161 La. 417, 108 So. 791 (1926).

[11] *Real T, LLC v. State Farm Fire & Casualty Co.*, 2008 WL 4974862 (E.D. La. 2008); *Lewis v. Lexington Ins. Co.*, 2008 WL 4862034 (E.D. La. 2008); *Braden v. Standard Fire Ins. Co.*, 2009 WL 152129, *2 (E.D. La. 2009).

revoke a stipulation only if it can show the stipulation was based on an error of fact.[12] However, whether a judicial confession is correct cannot be addressed when one party had already relied on it to their detriment.[13]

Plaintiffs have not alleged nor shown that the Stipulation was based on an error of fact. Thus, the Stipulation is binding as to Plaintiffs, and they are prohibited from amending their pleadings to allege an amount of damages in excess of $75,000.00.

Based on the foregoing, the motion to strike Plaintiffs' amended damages request (doc. #4) will be granted and the amended pleading will be stricken from the record to the extent that it alleges damages in excess of $75,000.00. Because this will make the amount in controversy below the jurisdictional amount for federal court, the Court will *sua sponte* also order that the case be remanded to the Fourteenth Judicial Court whence it was removed.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of October, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[12] *Williams v. Aymond*, 945 So.2d 823, 832-33 (La.App. 3d Cir. 2006), *overruled on other grounds in Hebert v. Webre, writ denied*, 949 So.2d 449 (La.2007)(citation omitted); *2304 Manhattan Blvd. Partnership v. Louisiana Power & Light Co.*, 643 So.2d 1282, 1284 (La.App. 5th Cir. 1994); *Mollere v. Creole Engineering Sales Co., Inc.*, 570 So.2d 212, 214 (La.App.5th Cir. 1990), *writ denied*, 575 So.2d 371 (La. 1991).

[13] *Lewis v. Willamettee Indus., Inc.*, 499 So.2d 506 (La.App. 2 Cir. 1986), *writ denied*, 501 So.2d 197 (La. 1987), citing *Crawford v. Deshotels*, 359 So.2d 118 (La. 1978).